928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ZEF LULGJURAJ, Plaintiff-Appellant,
v.
Hearing Officer PERRY, Dennis Straub, E. McNamara,
Defendants-Appellees.
 No. 90-2072.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 E.D.Mich., No. 90-70453; Friedman, J.
 E.D.Mich.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Zef Lulgjuraj appeals the district court's judgment granting summary judgment for defendants concerning his 42 U.S.C. Sec. 1983 prison civil rights complaint.
 
 
 3
 Plaintiff, who was represented by counsel in the district court proceedings, claimed that he was found guilty of possessing money and was unconstitutionally placed in administrative segregation and transferred to a higher security facility based upon the word of a confidential informant whose credibility was not established. Plaintiff claimed that the hearing officer's finding that the confidential informant was reliable and that plaintiff was planning to escape is not supported by the record. The defendants are the deputy warden and assistant deputy warden of housing at the G. Robert Cotton Correctional Facility and a hearing officer of the Michigan Department of Corrections. Plaintiff requested damages and injunctive relief.
 
 
 4
 The district court granted summary judgment for defendants, deciding that none of plaintiff's claims had merit.
 
 
 5
 On appeal, plaintiff argues only that the district court failed to consider his request for injunctive relief against the hearing officer and that the evidence relied on to find him guilty was not credible.
 
 
 6
 As an initial matter, the only issues plaintiff raises on appeal are that the district court failed to consider his request for injunctive relief against the hearing officer and on the evidence relied on to find him guilty was not credible. As a result, the other issues are abandoned and will not be reviewed by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Next, the district court correctly granted summary judgment for the defendants as to the confidential informant issue as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The committee had some evidentiary basis upon which to determine for itself that the confidential informant's story was probably credible. See Hensley v. Wilson, 850 F.2d 269, 276-77 (6th Cir.1988). This issue lacks merit and, as a result, plaintiff's request for injunctive relief against the hearing officer also lacks merit. Therefore, for the reasons stated in the district court's Memorandum Opinion and Order dated August 30, 1990, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.